Nicole L. Hazlett (SBN 310052)
nhazlett@consumerlawcenter.com
Krohn & Moss, Ltd.
1112 Ocean Drive, Suite 301
Manhattan Beach, CA 90266
Tel: (323) 988-2400
Fax: (866) 861-1390

Attorney for Plaintiff, DOMINGO CAPRIO JR.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO CAPRIO JR., <br><br> Plaintiff, <br><br> v. <br><br> SYNCHRONY BANK, <br><br> Defendant. | Case No.: **'17CV2019 JLS  BGS** <br><br> **COMPLAINT** <br><br> **(Unlawful Debt Collection Practices)** |

DOMINGO CAPRIO JR. ("Plaintiff"), by his attorneys, KROHN & MOSS, LTD., alleges the following against SYNCHRONY BANK ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code §1788 *et seq*.

2. Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act ("TCPA"), 28 U.S.C. §227 *et seq.*

## JURISDICTION AND VENUE

3. Jurisdiction of this court over Count II of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained in Count I.
4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.
5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in National City, California.
7. Plaintiff is a consumer or debtor and allegedly owes a debt as that term is defined by Cal. Civ. Code § 1788.2(d)-(e).
8. Defendant is a business entity with a business office in Draper, Utah.
9. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.
10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff acquired a credit card from Defendant which was used for personal, family, and household purposes.
12. Defendant placed calls to telephone number ▬▬▬▬, which is Plaintiff's cellular telephone.
13. Upon information and belief based on the frequency, number, nature, and character of these calls, Defendant placed each of its calls to Plaintiff using an automatic telephone dialing system or other equipment that hast the capacity to store and/or produce telephone numbers.

14. The purpose of these calls was to collect funds from Plaintiff for purchased arising from the credit card.
15. On or around March 3, 2017, Plaintiff instructed Defendant to stop calling her cell phone number.
16. Defendant continued to call Plaintiff's cell phone after March 3, 2017.
17. Since March 3, 2017 to the end of April 2017 Defendant called Plaintiff's cell phone at least seventy-nine (79) times.
18. Plaintiff is annoyed and feels harassed by Defendant's calls.
19. Defendant placed these calls voluntarily.
20. Defendant placed these calls under its own free will.
21. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.
22. Defendant intended to use an automatic telephone dialing system to place these calls.

## COUNT I
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated Rosenthal based on the following:
    a) Defendant violated the § 1788.11(d) of Rosenthal by causing Plaintiff's telephone to ring repeatedly or continuously to annoy the person called.
    b) Defendant violated § 1788.11(e) of Rosenthal by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances
    c) Defendant violated the §1788.17 of Rosenthal by continuously failing to comply with the statutory regulations contained within the FDCPA,

15 U.S.C. § 1692 *et seq*. to wit: Sections 1692d.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

1) Statutory damages of $1000.00 pursuant to Rosenthal, Cal. Civ. Code §1788.30(b),

2) Costs and reasonable attorneys' fees pursuant to Rosenthal, Cal. Civ Code § 1788.30(c), and

3) Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

24. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

1) Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

2) Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

3) All court costs, witness fees and other fees incurred; and

1  4) Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: October 2, 2017

By:   /s/ Nicole L. Hazlett
Nicole L. Hazlett
Krohn & Moss, Ltd.
1112 Ocean Drive, Suite 301
Manhattan Beach, CA 90266
Tel: (323) 988-2400
Fax: (866) 861-1390
nhazlett@consumerlawcenter.com
Attorney for Plaintiff